

# Fourth Court of Appeals
## San Antonio, Texas

## DISSENTING OPINION

No. 04-14-00364-CV

**IN THE MATTER OF THE MARRIAGE OF A.L.F.L. AND K.L.L.**, and In the Interest of
K.A.F.L., a Child

**OPINION DISSENTING FROM ORDER DENYING APPELLEE'S MOTION FOR CLARIFICATION**

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-02421
Honorable Barbara Hanson Nellermoe, Judge Presiding

Dissenting Opinion by: Rebeca C. Martinez, Justice

Sitting:      Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice

Delivered and Filed:  January 28, 2015

The underlying case involves both a suit for divorce and a suit affecting parent-child relationship (SAPCR). The State intervened in the divorce suit and filed a plea to the jurisdiction seeking dismissal of the divorce petition, not the SAPCR. In this accelerated appeal from the interlocutory order denying its plea to the jurisdiction, the State challenges the trial court's jurisdiction over the petitioner's same-sex divorce proceeding and the trial court's June 30, 2014 order ruling that Texas marriage law is unconstitutional. Appellant, the State, has no justiciable interest in the possession of the child and did not challenge the trial court's Temporary Order entered on June 14, 2014 (which is neither an appealable interlocutory order nor eligible for an automatic stay). The State has no standing to complain about any issue related to the SAPCR.

With two cases pending before the Texas Supreme Court addressing the issue in this appeal, i.e., the constitutionality of Texas marriage law under the Texas Constitution and the Texas Family Code, we abated the interlocutory appeal from the order denying the State's plea to the jurisdiction over the divorce suit, and later lifted the abatement to grant emergency relief to stay the trial court's June 30, 2014 order and all proceedings relating to the underlying divorce action pending the appeal under Subsection 51.014(a). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (West Supp. 2014). Appellee's Motion for Clarification seeks to clarify that our Corrected Order of August 13, 2014 stays only the divorce suit, not proceedings related to the possession of the child.

Although the State has not at any time challenged the trial court's jurisdiction over the SAPCR and intervened only in the divorce suit, it now argues that our stay includes proceedings related to the SAPCR. Ignoring its specific request for a stay of the divorce action, the State contends Appellee's motion is an improper or untimely request for reconsideration of our Order denying Appellee's Motion for En Banc Reconsideration. To the contrary, Appellee seeks clarification of an apparent dispute over whether our August 13, 2014 Corrected Order stays proceedings involving the possession of the child. Specifically, Appellee seeks clarification of the effect of the June 14, 2014 Temporary Order and Appellee's requests for modification and enforcement of said Temporary Orders which are not the subject of this appeal nor stayed by our Corrected Order. "Specifically, we ORDER the trial court not to take any action relating to its June 30, 2014 order or to take any action with regard to the matters at issue in this interlocutory appeal." Again, the State has no standing or interest in the matters relating to the possession of the child.

The trial court's continuing jurisdiction over the child and matters relating to the possession of the child does not interfere with this court's jurisdiction over the interlocutory appeal from the trial court's June 30, 2014 order denying the State's plea to the jurisdiction filed in the divorce proceeding. The State's Motion for Emergency Stay sought only to stay the divorce proceedings; there is no mention of the trial court's Temporary Order affecting the child or related matters in either the State's motion or our stay order. Our stay held the trial court's June 30, 2014 ruling regarding the constitutionality of the same-sex marriage law in abeyance to allow an appellate court to review it and only temporarily suspends the trial court's authority to enter orders or judgment for a divorce. It does not and cannot prohibit the trial court from acting or entering orders affecting the child over which it maintains continuing jurisdiction. Matters relating to possession and access of the child are not the subject of the present interlocutory appeal currently abated, nor do they interfere with this court's jurisdiction.

The State has failed to adequately address the contention that the stay precludes enforcement of the temporary orders or, more importantly, the potential harm to the minor child. The State simply repeats its suggestion that the Appellee file a voidance suit instead of seeking a divorce, which does not resolve the ongoing issues of possession relating to the minor child already pending before the trial court. Although our Corrected Order clearly grants the State's request to stay the enforcement of the June 30, 2014 order or final judgment in the divorce action, Appellee's Motion for Clarification should be granted to resolve any further dispute. Any further clarification necessary to avoid further harm to the child merits Supreme Court review.

Rebeca C. Martinez, Justice